In the Interest of N.M. and A.C.

D.M., Appellant (Respondent),

v.

STATE of Wyoming, ex rel., FREMONT COUNTY DPASS, Appellee (Petitioner).

No. C–89–7.

Supreme Court of Wyoming.

June 26, 1990.

Sky D. Phifer, Lander, for appellant.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., Richard E. Dixon, Asst. Atty. Gen., Michael Greer, Deputy Fremont County Atty., Riverton, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

After an adjudicatory hearing[1] held on January 19 and 30, 1989, the District Court of the Ninth Judicial District, sitting as a juvenile court, issued its order finding that the state had proven by a preponderance of the evidence that the mother, D.M., had neglected her children, N.M. and A.C.[2] The juvenile court based the finding of neglect on

> the period of August 14, 1988, through October 6, 1988, [when the mother] left the Minor Children in the care of [another] family. During the above mentioned period of time [the mother] visited the children at irregular times and without notice to the [family]. Also during the above mentioned time, [A.C.] developed a severe ear infection and although [the mother] was notified of the infection, she

---

1. W.S. 14–6–226(b) (July 1986 Repl.) provides in pertinent part: "If the allegations of [neglect in] the [state's] petition are denied, [the juvenile court will set the matter] for an adjudicatory * * * hearing."

2. W.S. 14–6–226(c) (July 1986 Repl.) states: "If after an adjudicatory hearing * * * the [juvenile] court * * * finds that a child * * * is neglected, it shall enter a decree to that effect stating the jurisdictional facts upon which the decree is based."

took no steps to have [A.C.] treated thereby causing the * * * family to seek treatment and medication for [A.C.] at their own expense.

The children's mother, in her framing of the issue,[3] asks us to reverse the juvenile court's finding of neglect:

Is the finding of neglect on the part of the mother of the minor children so totally unsupported by the evidence as to require a reversal?

The state presents two issues:

I. Were the factual allegations underlying the court's finding of neglect established by a preponderance of the evidence?

II. Did the lower court reach its finding of neglect in substantial compliance with requirements of the juvenile court act?

We affirm.

█ The juvenile court's finding of neglect was based upon W.S. 14–6–201(a)(xvi)(B)(II) (Cum.Supp.1987).[4] We believe that there is sufficient evidence, however, to support the juvenile court's finding of neglect based upon W.S. 14–6–201(a)(xvi)(A),[5] which contains the alternative definition of neglect.[6]

In reviewing sufficiency of the evidence we

1. Give considerable deference to the trial court's determination because it has the advantage to judge the demeanor and intelligence of the witnesses;

2. Examine the evidence in the light most favorable to appellee and resolve all conflicts in evidence for appellee;

3. Assume as true the evidence in appellee's favor, disregard entirely appellant's evidence in conflict with appellee's evidence, and give to appellee's evidence every favorable inference that may fairly be drawn.

*Matter of RJP*, 761 P.2d 1000, 1002 (Wyo. 1988).

█ The mother of the family who cared for the children during the period of alleged neglect (August 14—October 6, 1988) testified at the adjudicatory hearing that she felt the obligation to feed and clothe the children. She also testified that she provided, without reimbursement, "food and diapers" for the children. Another member of the family testified that she had paid for the medication used to treat an ear infection one of the children had developed during the period of alleged neglect.

The state's burden of proof in an adjudication of neglect is set forth in W.S. 14–6–225(a) (July 1986 Repl.): "Allegations of conduct showing a child to be neglected must be proved by a preponderance of the evidence." In addition, under the appropriate standard of review, the juvenile court's finding of neglect is entitled to considerable deference, and the prevailing party is entitled to every favorable inference that may fairly be drawn from its evidence. Based upon the above testimony, there was sufficient evidence for the juvenile court to find that D.M.'s conduct toward her children constituted neglect.[7] In other words, D.M. as the children's "custodian failed * * * to provide adequate care, maintenance, medical * * * or any other care necessary for the child[ren's] well being." W.S. 14–6–201(a)(xvi)(A).

The juvenile court's finding of neglect is affirmed.

---

3. The juvenile court also conducted a disposition hearing, as mandated by W.S. 14–6–229(a) (July 1986 Repl.) after children are adjudicated to be neglected, on October 17, 1989. D.M. does not, however, raise any issues concerning the disposition hearing.

4. This particular section involves, inter alia, neglect which results in "physical injury" to the child.

5. The section states that a "Neglected child" means a child "whose custodian has failed or refused to provide adequate care, maintenance, supervision, education or medical, surgical or any other care necessary for the child's well being."

6. We can affirm the case on any basis found in the record. *In the Matter of the Adoption of RDS*, 787 P.2d 968, 970 (Wyo.1990).

7. *See State in Interest of C*, 638 P.2d 165, 172 (Wyo.1981).

THOMAS, Justice, concurring specially, with whom URBIGKIT, Justice, joins.

I recognize that D.M. has chosen to focus her appeal in this case upon a lack of jurisdiction in the juvenile court. Her effort is limited to a contention that the court never did acquire jurisdiction because the record was not sufficient to sustain the finding of neglect in the court's initial order. The essential difficulty for me in accepting the position presented by D.M. is that, on May 27, 1988, D.M. entered into a Consent Decree that depended upon the existence of jurisdiction in the district court. This agreement on the part of D.M. was tantamount to an admission of child neglect sufficient to invoke the jurisdiction of the district court. While I recognize the rule that parties cannot consent to jurisdiction, I am satisfied that it is also possible for parties, by their actions in a case, to foreclose themselves from asserting a lack of jurisdiction.

I believe that all of these matters then merged into the Order Following Dispositional Hearing entered on November 2, 1989. That order encompasses these findings of fact:

"1. That the Minor Children have been adjudicated as neglected children and that the children are subject to the jurisdiction of this Court.

"2. That all reports requested by the Court have been received by the Court, submitted to the attorneys herein and reviewed by the parties.

"3. That the Minor Children's school district of residency is Fremont County School District #1, Lander, Fremont County, Wyoming.

"4. That the Fremont County Department of Public Assistance and Social Services used reasonable efforts to prevent or eliminate removal of the children from the home; and that the mental and moral welfare of the Minor Children demands that the Minor Children be removed from the home.

"5. That the best interests of the Minor Children would be served by removing the children from their home and that foster home placement is the least restrictive environment available and proper for the said Minor Children."

I am convinced that matters such as this cannot be treated as static and frozen at any point in time. Once the jurisdiction of the juvenile court is invoked, then the matter proceeds as a continuing and dynamic situation. Consequently, the court, in making its Order Following Dispositional Hearing, was entitled to rely upon facts that had developed during the entire course of the proceeding. The majority opinion does not consider any of this additional information in addressing the sufficiency of the evidence to sustain the findings of the district court. I am satisfied that the evidence supports those findings of fact and that the court properly considered all of that information in addressing the question of child neglect and in making the order that it entered. It well may be that the language chosen by the court with respect to the issue of neglect is not artful, but that does not avoid the manifestations of neglect that this record encompasses.

It is to be hoped that this family may at some point be reunited, but there was no error in the disposition that the trial court made. D.M. is estopped from attacking the jurisdiction of the court, and all aspects of the rest of the case leading to the ultimate disposition are justified by what occurred during the course of the proceedings in the trial court.