2004 WY 98

**John Anthony MESSER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 03–231.

Supreme Court of Wyoming.

Aug. 25, 2004.

Representing Appellant: Ken Koski, State Public Defender, PDP; Donna D. Domonkos, Appellate Counsel; and Marion Yoder, Senior Assistant Public Defender. Argument by Ms. Yoder.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Daniel M. Fetsco, Assistant Attorney General. Argument by Mr. Fetsco.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶1] John Messer was convicted by a jury of felony domestic violence in violation of Wyo. Stat. Ann. § 6-2-501(b) and (f)(ii) (LexisNexis 2003). Mr. Messer appeals his conviction, claiming the district court lacked subject matter jurisdiction, he was denied due process because he was not given adequate notice of the prior convictions upon which the State was relying to obtain a sentence enhancement, and the jury was not properly instructed, which allowed it to convict on insufficient evidence. We find no error and affirm.

## ISSUES

[¶2] Mr. Messer raises the following issues:

I. Whether the district court had subject matter jurisdiction to hear the merits of this case.

II. Whether the defendant was improperly accorded notice of all aspects of the specific offense or denied due process when the State obtained sentencing enhancement upon convictions other than those identified in the charging document and at the preliminary hearing.

III. Whether the jury was improperly instructed on the charge in question and the evidence was sufficient to sustain appellant's conviction.

[¶3] The State rephrases the same issues.

## FACTS

[¶4] Mr. Messer was arrested on August 31, 2002, for assault and battery against a household member in violation of § 6-2-

501(b). The charging documents alleged that if convicted of the charged offense, this would be Mr. Messer's third such offense against a household member. The affidavit supporting the criminal complaint also alleged this was possibly Mr. Messer's third family violence offense. Although the affidavit indicated documentation of his criminal history was attached, no such documentation appears in the record. The circuit court conducted a preliminary hearing on November 21, 2002, at which time it made notations in the record to the effect that Mr. Messer had prior convictions in California in 1996, Iowa in 1994 and Wyoming in 2002. The circuit court bound Mr. Messer over to district court on felony charges pursuant to § 6–2–501(b) and (f)(ii).

[¶ 5] On February 19, 2003, Mr. Messer filed a motion in district court requesting that his case be remanded to circuit court. Mr. Messer claimed the statute under which he was charged required proof of two prior convictions of assault and battery upon a household member. He asserted he had not been provided with any documentation demonstrating that the 2002 conviction met the requirements for making the current charge a third time family violence conviction and a felony. Specifically, he asserted that because the judgment and sentence on the 2002 reckless endangerment conviction did not reference the Family Violence Protection Act, the State failed to establish that he committed a felony over which the district court had subject matter jurisdiction. Under these circumstances, Mr. Messer contended he should be back in circuit court facing a misdemeanor charge.

[¶ 6] The district court conducted a hearing on the motion on February 20, 2003. In its ruling from the bench denying Mr. Messer's motion, the district court concluded the circuit court bound the case over after finding there was probable cause to do so. The district court also concluded the judgment and sentence from the 2002 conviction for reckless endangerment under Wyo. Stat. Ann. § 6–2–504(a) (LexisNexis 2003) counted as one of the three offenses supporting a felony charge and sentence enhancement because it was one of the offenses specifically mentioned in § 6–2–501(f)(ii). The district court concluded Mr. Messer was entitled to notice of the precise convictions upon which the State relied in seeking enhancement and that the 2002 judgment and sentence provided that notice. The district court also concluded the State still had the burden of proving beyond a reasonable doubt at the enhanced penalty proceeding that the prior convictions existed and applied to this case. The district court denied Mr. Messer's motion without prejudice to reassert it in the enhanced sentencing proceeding.

[¶ 7] The case proceeded to trial and Mr. Messer was convicted. He was sentenced to 18 to 24 months in the Wyoming State Penitentiary. The sentence was suspended and he was required to serve six months in the Natrona County Detention Center, complete 24 months of supervised probation and successfully complete the felony program at Community Alternatives of Casper.

### STANDARD OF REVIEW

[¶ 8] Questions of subject matter jurisdiction are matters of law which we review de novo. *Routh v. State ex rel. Wyoming Workers' Compensation Div.*, 952 P.2d 1108, 1114 (Wyo.1998); *Nyberg v. State Military Department*, 2003 WY 43, ¶ 8, 65 P.3d 1241, ¶ 8 (Wyo.2003). Constitutional questions and questions concerning the accuracy of jury instructions are likewise matters of law subject to de novo review. *Joyner v. State*, 2002 WY 174, ¶ 7, 58 P.3d 331, ¶ 7 (Wyo.2002); *Paugh v. State*, 9 P.3d 973, 975 (Wyo.2000).

[¶ 9] When reviewing jury instructions, we consider the following:

> Jury instructions should inform the jurors concerning the applicable law so that they can apply that law to their findings with respect to the material facts, instructions should be written with the particular facts and legal theories of each case in mind and often differ from case to case since any one of several instructional options may be legally correct, a failure to give an instruction on an essential element of a criminal offense is fundamental error, as is a confusing or misleading instruction, and the

test of whether a jury has been properly instructed on the necessary elements of a crime is whether the instructions leave no doubt as to the circumstances under which the crime can be found to have been committed.

*AMG v. State (In re CG)*, 2003 WY 166, ¶ 4, 81 P.3d 208, ¶ 4 (Wyo.2003) (citation omitted). We also

must determine whether the instructions, taken as a whole, adequately advise the jury of the applicable law. Proper instructions should be clear declarations of the pertinent law. The ruling of a trial court on an instruction will not constitute reversible error unless there is a showing of prejudice, which connotes a demonstration by the complaining party that the instruction misled or confused the jury with respect to the applicable principles of law.

*Jensen v. Fremont Motors Cody, Inc.*, 2002 WY 173, ¶ 12, 58 P.3d 322, ¶ 12 (Wyo.2002). Our standard for reviewing the sufficiency of the evidence is as follows:

When reviewing a sufficiency of the evidence claim in a criminal case, we must determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. We do not consider conflicting evidence presented by the unsuccessful party, and afford every favorable inference which may be reasonably and fairly drawn from the successful party's evidence. We have consistently held that it is the jury's responsibility to resolve conflicts in the evidence. We will not substitute our judgment for that of the jury, ... our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did.

*Urbigkit v. State*, 2003 WY 57, ¶ 44, 67 P.3d 1207, ¶ 44 (Wyo.2003).

## DISCUSSION

### *1. Subject matter jurisdiction*

 [¶ 10] Mr. Messer asserts the district court did not have subject matter jurisdiction because the initial charge was for violation of § 6–2–501(b), the misdemeanor offense of battery, over which the circuit court, not the district court, had jurisdiction. He contends that § 6–2–501(f)(ii) requires proof of two or more previous convictions of similar charges within the preceding ten years as a condition precedent to the district court's assumption of jurisdiction of the case. He claims the State did not meet its burden of proving the previous convictions by a preponderance of the evidence at the preliminary hearing.

[¶ 11] The State argues the evidence of prior convictions presented at the preliminary hearing was sufficient for the circuit court to bind Mr. Messer over to district court. Citing *Wilson v. State*, 655 P.2d 1246, 1251 (Wyo.1982), the State asserts it was not required to prove its case for enhanced sentencing at the preliminary hearing but only to present such proof as would "cause a person of ordinary prudence to conscientiously entertain a reasonable belief that a public offense has been committed in which the accused participated." That it ultimately relied upon different family violence crimes for sentencing enhancement than those alleged at the preliminary hearing, the State contends, did not deprive the district court of subject matter jurisdiction.

[¶ 12] Mr. Messer was charged with violating the following provisions of § 6–2–501:

(b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another.

. . .

(f) A household member as defined by W.S. 35–21–102 who commits a second or subsequent battery against any other household member shall be punished as follows:

. . .

(ii) *A person* convicted upon a plea of guilty or no contest or *found guilty of a third* or subsequent *offense under this subsection against any other household member, after having been convicted upon a plea of* guilty *or* no contest *or found guilty of a violation of W.S.* 6–2–501(a), (b), (e) or (f), 6–2–502,

6-2-503, *6-2-504* or other substantially similar law of this or any other state, tribe or territory *against any other household member* within the previous ten (10) years *is guilty of a felony* punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both. (emphasis added).

As stated earlier in this decision, the charging documents alleged that this was Mr. Messer's third violation under this provision, making the charge a felony rather than a misdemeanor.

[¶ 13] Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Fuller v. State*, 568 P.2d 900, 902–03 (Wyo.1977). We have said:

"It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction."

*United Mine Workers of America Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1283–84 (Wyo.1989). In the context specifically of criminal cases, we have said: subject matter jurisdiction over the offense charged is fundamental and indispensable to a prosecution. *Mendicoa v. State*, 771 P.2d 1240, 1246 (Wyo. 1989). District courts in Wyoming have jurisdiction over all criminal cases except those for which other provision is made. *Fuller*, 568 P.2d at 902, citing Article 5, § 10, Wyoming Constitution. Circuit courts have original jurisdiction in all misdemeanor criminal cases and are required to conduct preliminary hearings for all persons charged with a felony. Wyo. Stat. Ann. §§ 5–9–129 and 132 (LexisNexis 2003).

[¶ 14] The purpose of a preliminary hearing is to establish the existence of probable cause to hold the accused for prosecution. *Weddle v. State*, 621 P.2d 231, 239 (Wyo.1980). Although some discovery results as a by-product of the hearing, discovery is not the purpose of the hearing. *Id.* It also is not the purpose of a preliminary hearing to establish guilt. *Wilson*, 655 P.2d at 1253. Likewise, it was not the purpose of the preliminary hearing to establish whether Mr. Messer did or did not have prior convictions for family violence. The sole purpose was to establish whether probable cause existed to bind him over to district court on a felony family violence charge.

[¶ 15] In *Brehm v. State*, 427 So.2d 825 (Fla.Dist.Ct.App.1983), the defendant was charged with misdemeanor tampering with a parking meter. The information did not allege that he had a prior conviction for the same offense. At the sentencing hearing, the trial court discovered the prior conviction and sentenced the defendant as a felon under the applicable sentencing enhancement provision. Applying the rule that subject matter jurisdiction is determined from the face of the charging document, the appellate court held that the trial court did not have subject matter jurisdiction over the felony offense when the information alleged a misdemeanor.

[¶ 16] Mr. Messer's case is distinguishable from *Brehm* in that the charging documents alleged that this was his third family violence offense, making the offense a felony and bringing into play the enhancement provision of § 6–2–501(f)(ii). Applying the rule that subject matter jurisdiction is determined from the face of the charging documents, the district court had subject matter jurisdiction over the felony offense because the charging documents alleged the elements constituting a felony.

[¶ 17] Mr. Messer cites two Wyoming cases in support of his argument: *Brisson v. State*, 955 P.2d 888 (Wyo.1998) and *Abeyta v.*

*State*, 2003 WY 136, 78 P.3d 664 (Wyo.2003). Neither of these cases supports his position. In *Brisson*, we held that the defendant's prior conviction for family violence, based upon a guilty plea entered without the assistance of counsel after the defendant requested counsel, could not be relied upon to impose or enhance a sentence on a later family violence conviction. Mr. Messer's prior convictions were not uncounseled. In *Abeyta*, the defendant claimed the State failed to prove his prior family violence convictions. We did not address the merits of the claim, but did say that prior convictions could be established through authenticated copies of judgments and sentences. *Abeyta*, however, did not address the question of subject matter jurisdiction.

[¶ 18] Considering these authorities and the parties' arguments, we hold that the district court had subject matter jurisdiction to proceed with the trial under the particular circumstances of this case. The charging documents alleged this to be Mr. Messer's third family violence offense within the previous ten years in violation of § 6–2–501(b) and (f)(ii), making the offense a felony and, upon a finding of probable cause to bind the case over, properly within the jurisdiction of the district court.

### 2. Due process

[¶ 19] Mr. Messer asserts he was denied due process in that he was not provided adequate notice of the specific prior convictions upon which the State intended to rely to obtain an enhancement of his sentence. The State contends Mr. Messer received adequate notice of the prior convictions at the January 7, 2003, arraignment. We hold that Mr. Messer received adequate notice of the prior convictions and he was not denied due process.

[¶ 20] The charging documents alleged this was Mr. Messer's third family violence offense within the previous ten years. At the preliminary hearing on November 27, 2002, a law enforcement officer testified that Mr. Messer had two prior family violence convictions, one from 1996 in Placerville, California and one from 1994 in Webster City, Iowa. The officer also testified that Mr. Messer had a prior reckless endangerment conviction in Wyoming, although he did not identify it as a family violence conviction.

[¶ 21] At the arraignment in district court on January 7, 2003, the State informed the court that Mr. Messer was originally charged with a misdemeanor but the case was re-filed as a felony based upon Mr. Messer's prior criminal history involving family violence against the same victim in 2001 and 2002. On February 19, 2003, the State filed a notice of intent to use evidence in which it described the following prior convictions supporting the felony charge:

> Ms. Gomez and the Defendant have had an intimate relationship for several years. Over the course of that relationship, Ms. Gomez has been a victim of Mr. Messer's violence. For example, in July of 2001, Mr. Messer struck and choked Ms. Gomez with a wire clothes hanger. During that assault he also forced her head through a sheet-rock wall by repeatedly slamming her head into the wall. Ms Gomez had to flee the residence to get assistance. At the time of the assault, Mr. Messer was intoxicated. Upon arrest, Mr. Messer denied committing the assault. Mr. Messer was convicted of "Second Offense" [b]attery in Converse County regarding this incident.
>
> On another occasion, in June of 2002, the Defendant again battered Ms. Gomez and threatened her with a firearm. The Defendant was intoxicated at the time of this offense. Ms. Gomez was able to free herself from the Defendant and get to safety. The Defendant subsequently barricaded himself in his home when Law Enforcement arrived. Mr. Messer was convicted of Reckless Endangerment for this incident.

[¶ 22] In *State ex rel. Motor Vehicle Division v. Holtz*, 674 P.2d 732, 738 (Wyo. 1983), we recognized that due process requires notice if a former conviction is to be used to enhance punishment. *Spinner v. State*, 2003 WY 106, ¶ 29, 75 P.3d 1016, ¶ 29 (Wyo.2003). Where a statutory enactment providing for sentence enhancement does not expressly require notice of prior convictions, the accused is entitled to the due process

protections required in any criminal prosecution, meaning reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism. *Heinemann v. State*, 12 P.3d 692, 699 (Wyo. 2000). We applied this standard in *Heinemann* to conclude the defendant received adequate notice and there was no denial of due process where he was advised prior to trial that the State intended to seek enhancement under the habitual criminal statute and then informed after the jury found him guilty of third degree sexual assault that the State would seek enhancement under Wyo. Stat. Ann. § 6–2–306(d) (LexisNexis 2003) of the sexual assault statutes. In reaching this result, we cited federal appellate court cases holding that in the absence of statutory notice standards, *pretrial* notice of intent to seek sentence enhancement is not required. *Heinemann*, 12 P.3d at 699, citing *United States v. Mauldin*, 109 F.3d 1159, 1162–63 (6th Cir.1997); *United States v. Gibson*, 64 F.3d 617, 625–26 (11th Cir.1995). Given this federal precedent, we held that the notice in *Heinemann* satisfied due process.

■ [¶ 23] Section 6–2–501(f), the sentencing enhancement provision for battery against a household member, does not contain a notice requirement. Mr. Messer, therefore, was entitled to reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism. *Heinemann*, 12 P.3d at 699. He was notified in the original charging documents that a conviction on the current charge would constitute his third conviction under the Family Violence Protection Act. At his arraignment, Mr. Messer was notified of the prior convictions upon which the State later relied for enhanced sentencing. These circumstances satisfy the requirements of due process and we find no error in this regard.

### 3. Jury instructions/sufficiency of the evidence

■ [¶ 24] Mr. Messer asserts that jury instruction No. 6 and the verdict form improperly allowed for alternative findings and a conviction based upon insufficient evidence. The State responds that the jury instruction correctly stated the law and there was suffi-

cient evidence to support the jury's finding of guilty on both alternatives. Jury instruction No. 6 stated as follows:

The elements of the crime of battery, as charged in this case, are:

1. On or about the 31st day of August, 2002

2. In the County of Natrona, and State of Wyoming

3. The Defendant, John Anthony Messer

4. Unlawfully touched another, Jessica Gomez

5. A household member

6. In a rude, insolent or angry manner.

OR

3. Intentionally, knowingly or recklessly

4. Cause bodily injury to another, Jessica Gomez

5. A household member.

If you find from your consideration of all of the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.

The verdict form stated as follows:

We the jury, duly empaneled and sworn to try the above-entitled cause, do find as follows:

1(A). As to the charge of Battery by unlawfully touching Jessica Gomez in a rude, insolent or angry manner, charged in the Amended Information, we find the Defendant, John Anthony Messer:

_____ Guilty

_____ Not Guilty

1(B). As to the charge of Battery by intentionally, knowingly or recklessly causing bodily injury to Jessica Gomez, charged in the Amended Information, we find the Defendant, John Anthony Messer:

_____ Guilty

_____ Not Guilty

After deliberating for one hour and twenty minutes, the jury sent the following question out to the district court:

> on the verdict do we have to find for charge 1(A) or 1(B), or both?

After consulting with counsel and obtaining their agreement, the district court answered the question as follows without objection:

> ... the answer is both. I would advise you that separate determinations need to be made on both 1(A) and 1(B) for which there must be proof beyond a reasonable doubt of all of the elements of the respective breakdown of the charges.
>
> That is, there needs to be proof beyond a reasonable doubt of all the elements necessary to support the offense of battery as referred to in 1(A), and there must be proof beyond a reasonable doubt to establish all of the elements of proof for the battery as would be determined in question 1(B). Those elements are set forth in Instruction 6 of the packet .that's been provided.

The jury went back to the jury room to deliberate further and returned a verdict of guilty on both 1(A) and 1(B). Consistent with the jury verdict, and following the sentencing hearing, the district court entered judgment finding Mr. Messer guilty on one count of assault and battery (FVPA), third offense, a felony, in violation of § 6–2–501(b) and (f)(ii).

[¶ 25] We review Mr. Messer's claim for plain error because he did not object to the instruction or verdict form.[1] Therefore, he must prove that a clear and unequivocal rule of law was violated in a clear and obvious way resulting in denial of a substantial right and material prejudice. *Urbigkit*, ¶ 41.

[¶ 26] We have addressed the propriety of jury instructions and verdict forms presenting alternative grounds for conviction in several recent cases. *Id.; May v. State*, 2003 WY 14, 62 P.3d 574 (Wyo.2003); *Tanner v. State*, 2002 WY 170, 57 P.3d 1242 (Wyo.2002). Prior to those cases, we also

addressed the issue in *Bush v. State*, 908 P.2d 963, 966 (Wyo.1995), where we held that a verdict must be set aside in cases where the verdict is supportable on one ground but not on another and it is impossible to tell which ground the jury selected. As in the present case, all of those prior cases involved jury instructions that quoted language directly from a criminal statute containing alternative grounds for conviction of the crime charged. *Urbigkit* concerned Wyoming's aggravated assault and battery statute and involved the alternative theories that the defendant knowingly caused or attempted to cause, or threatened to cause, bodily injury with a deadly weapon. We upheld two of the convictions but reversed four others because there was no evidence the defendant caused injury or attempted to cause injury or threatened to cause injury with a deadly weapon to four of the victims. *Urbigkit*, ¶ 48. *Bush* and *Tanner* concerned Wyoming's burglary statute while *May* involved aggravated burglary. In each case, however, the jury was instructed that the defendant was guilty of the crime charged if the evidence showed he entered a building without authority with the intent to commit larceny or the intent to commit a felony. Because the evidence was not sufficient to show entry with the intent to commit both larceny and a felony, we reversed the burglary convictions in *Bush* and *Tanner* and the aggravated burglary conviction in *May*.

[¶ 27] As in these prior cases, the jury instruction given in Mr. Messer's case quoted language directly from the statute containing alternative grounds for conviction of the crime charged. In the present case, however, the verdict form required the jury to identify the alternative statutory grounds upon which its verdict was based. The jury found Mr. Messer guilty on both alternatives—unlawfully touching a household member in a rude, insolent or angry manner *and* intentionally, knowingly or recklessly causing bodily injury to a household member. Therefore, the question we must decide is whether sufficient evidence supported the jury determination on both.

---

1. In fact, instruction 6 was in substance identical to the elements instruction offered by the de- fense.

[¶ 28] Evidence was presented at trial that the victim was awakened from sleeping on the couch at the residence where she and Mr. Messer were temporarily living by Mr. Messer punching her in the face. We agree with the State that whether such actions are viewed as an unlawful touching of another in a rude, insolent or angry manner, or as intentionally, knowingly and recklessly causing bodily injury to another, they meet the requirement for conviction under § 6–2–502. We hold that substantial evidence supported the jury verdict of guilty under both alternatives and there was no error in this regard.

[¶ 29] Affirmed.