# THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 37

## OCTOBER TERM, A.D. 2021

## March 14, 2022

DANA LEE SHERARD,

Appellant
(Defendant),

v.                                                          S-21-0168

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]     Dana Sherard appeals from the district court's denial of his motion for sentence reduction pursuant to W.R.Cr.P. 35(b).  The district court held that because Mr. Sherard failed to file his motion within one year after he was sentenced, as required by the rule, it lacked jurisdiction over Mr. Sherard's motion.  Mr. Sherard claims a letter written to the court by the Wyoming Department of Corrections requesting an extension of time for Mr. Sherard to file his Rule 35(b) motion qualified as a timely motion for an extension, and the district court was required to rule on that request before considering his motion for reduction of sentence.  We affirm.

*ISSUE*

[¶2]     Did the district court have jurisdiction to decide Mr. Sherard's motion for sentence reduction?

*FACTS*

[¶3]     On the night of January 19, 2018, two minor females, GAV and MKS, visited a home in Converse County, Wyoming, where 20-year-old Mr. Sherard was staying.[1]  Mr. Sherard offered the girls methamphetamine which they accepted and used.  Some time that night, Mr. Sherard gave each of the girls a tattoo.  The State filed an information charging Mr. Sherard with two separate violations—one violation per girl—for three separate criminal acts: Child Endangerment in violation of Wyo. Stat. Ann. § 6-4-405(a)(i); Tattooing a Minor in violation of Wyo. Stat. Ann. § 14-3-107; and Delivery of Methamphetamine to a Juvenile in violation of Wyo. Stat. Ann. § 35-7-1036.  On May 24, 2018, pursuant to a plea agreement, Mr. Sherard entered a guilty plea to the three counts associated with GAV and the remaining charges were dismissed.  The district court sentenced Mr. Sherard to concurrent prison sentences of three to five years for Child Endangerment, ten to twenty years for Delivery of Methamphetamine to a Juvenile, and six months in the Converse County Detention Facility for the Tattooing of a Minor, with credit for 271 days served.  The prison sentences were suspended, and Mr. Sherard was placed on probation for a period of five to seven years on the condition that he complete the Adult Community Corrections (ACC) program, an anger management program, a cognitive behavior program, 200 hours of community service, and refrain from the possession of alcohol or illegal drugs.  In late June 2019, Mr. Sherard entered the ACC program.

[¶4]     On December 19, 2019, the district court revoked Mr. Sherard's probation after he was removed from the ACC program because he twice tested positive for drugs.  At the revocation hearing, the district court stated:

---

[1] Two other adult men were also present, but they are not relevant to this appeal.

1

Well, Mr. Sherard, I will tell you it is unfortunate that we're here. As you may recall, when the Court pronounced its sentence some time ago, the Court was frankly reluctant to give you an opportunity on probation considering the nature of what you were convicted of. But we gave you a chance and, unfortunately, here we are. Given your age and the circumstances here, I'm going to provide a recommendation for boot camp.[2]

So it will be the order of the Court that your probation will be revoked and you will be remanded to the custody of the sheriff of Converse County, there to be delivered to an institution under the direction and supervision of the Department of Corrections, there to serve the sentence originally imposed and with a recommendation for boot camp.

If you successfully complete boot camp, the Court will consider and likely grant a reduction in your sentence to time served coupled with a probationary term.

---

[2] "The term 'Boot Camp' is frequently used to identify Wyoming's statutory Youthful Offender Program, found at Wyo. Stat. Ann. § 7-1-1001 through 7-13-1003 (LexisNexis 2007)." *Counts v. State*, 2008 WY 156, ¶ 10, 197 P.3d 1280, 1283 n.1 (Wyo. 2008). Wyo. Stat. Ann. § 7-13-1003 provides:

> (a)    The department shall adopt reasonable rules and regulations to establish a youthful offender program for inmates incarcerated in a state penal institution.
> (b)    In addition to any other eligibility requirements adopted by the department, an inmate is eligible for placement in the youthful offender program only if he:
>> (i)    Is serving a sentence of imprisonment at a state penal institution for any offense other than a felony punishable by death or life imprisonment;
>> (ii)    Has not attained the age of twenty-five (25) years;
>> (iii)    Has not previously served a term of incarceration at any state or federal adult penal institution;
> (c)    The program created by the department shall include:
>> (i)    Separation of program participants from the general inmate population;
>> (ii)    Emphasis upon work and physical activity as a major element of the program.
> (d)    Participation by an inmate in the youthful offender program is a matter of grace and not of right. Approval of an inmate's participation in the program may be revoked by the department at any time if the inmate fails to comply with program requirements. The inmate shall not have any right to appeal the denial of his participation in the program.

Wyo. Stat. Ann. § 7-13-1003 (LexisNexis 2019). The statute has since been amended.

[¶5]    Mr. Sherard's original sentence was reinstated, and he went to boot camp.  While there, he asked the Department of Corrections to postpone the completion of his program because of issues with another inmate.  His request was granted, and on October 28, 2020, Mr. Ed Beason, a casework specialist for the Wyoming Boot Camp program with the approval of the program manager, wrote a letter to the district court judge.  In relevant part, the letter read:

> Mr. Sherard came into the boot camp program on 01/23/2020.  On 04/16/2020 another inmate entered the program.  Mr. Sherard knew the circumstances of the other inmate's crime as he was friends with the victim.  Mr. Sherard tried to maintain emotionally, but after a while he felt like he could not maintain behaviorally.  Instead of jeopardizing his program or the other inmate's program he approached staff with the issue.  It was decided to allow Mr. Sherard to leave the program until the individual who he had the conflict with either graduated or left the program.  At this point he will be able to come back to the program on 01/02/2021.  This will place his expected graduation date [at] May, 2021.

> At this time we would like . . . the courts to please consider an extension of the time frames for sentence modification.  This request is based on the fact Inmate Sherard made the appropriate decision to reflect on his issues with the other offender, and not get into a physical altercation or attempt to sabotage the program.

Copies of this letter were mailed to Mr. Sherard's former defense attorney and the county attorney.

[¶6]    On April 19, 2021, the Department of Corrections sent a boot camp report to the district court.  The report detailed Mr. Sherard's progress in the program after his January 2021 return.  It concluded, "Mr. Sherard is currently on the right track to successfully complete the [Wyoming Boot Camp ] program" and he is expected to graduate on June 1, 2021.

[¶7]    On May 20, 2021, Mr. Sherard filed a motion for sentence reduction asking the district court to reduce his sentence.  He requested a credit for 518 days served and that the remainder of his sentence be suspended.  He attached the October 2020 letter from the Department of Corrections to his motion.  The State objected, asserting the motion was untimely under W.R.Cr.P. 35(b) which requires a motion for sentence reduction to be filed within one year after the sentence is imposed.  The May 20, 2021 motion was filed more

3

than one year after the entry of Mr. Sherard's December 19, 2019 probation revocation sentence. The district court denied the motion finding it untimely and, as a result, the court was deprived of jurisdiction. The district court also ruled the matter was barred by res judicata. Mr. Sherard filed a timely appeal.

## *STANDARD OF REVIEW*

[¶8]   "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Barela v. State*, 2017 WY 66, ¶ 5, 395 P.3d 665, 668 (Wyo. 2017) (quoting *Messer v. State*, 2004 WY 98, ¶ 13, 96 P.3d 12, 17 (Wyo. 2004)).

> It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction.

*Id.* (quoting *Messer*, ¶ 13, 96 P.3d at 17).

[¶9]   "Because the failure to file a timely Rule 35(b) motion for sentence reduction deprives a district court of jurisdiction to consider it, we review the question of its timeliness de novo." *Mitchell v. State*, 2020 WY 131, ¶¶ 1–13, 473 P.3d 1255, 1256–59 (Wyo. 2020) (citing *Shue v. State*, 2016 WY 15, ¶¶ 6, 8, 367 P.3d 645, 647 (Wyo. 2016)).

## *ANALYSIS*

[¶10]  Our rule governing motions for sentence reduction states in relevant part:

> A motion to reduce a sentence may be made . . . within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal . . . . The court shall determine the motion within a reasonable

4

time.  Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.  The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b).  "[I]f a motion to reduce sentence is filed outside of the prescribed time limits, the district court is deprived of jurisdiction[.]"  *Alford v. State*, 2017 WY 105, ¶ 10, 401 P.3d 902, 904 (Wyo. 2017) (quoting *Hitz v. State*, 2014 WY 58, ¶ 11, 323 P.3d 1104, 1106 (Wyo. 2014) (quoting *Tomlin v. State*, 2001 WY 121, ¶ 6, 35 P.3d 1255, 1256 (Wyo. 2001))).

[¶11]  The time limitation contained in W.R.Cr.P. 35(b) may be extended under specific circumstances as provided in W.R.Cr.P. 45:

> (b)  *Enlargement.* — When an act is required or allowed to be done at or within a specified time, the court, for cause shown, may at any time in its discretion:
>
> > (1)  With or without motion or notice, order the period enlarged if request therefor is made **before** the expiration of the period originally prescribed or as extended by a previous order; or
> >
> > (2)  Upon motion made **after** the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect, but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35 except to the extent and under the conditions stated in them.

W.R.Cr.P. 45(b) (emphasis added).  Mr. Sherard's motion was filed after the expiration of the specific period provided in W.R.Cr.P. 35(b).  Except for motions filed within one year of imposition of a sentence, Rule 35(b) does not provide for an extension of time.

[¶12]  After the denial of his motion to reduce his sentence, Mr. Sherard wrote a letter to the district court requesting an appeal.  In this letter, he wrote that his caseworker sent the letter and called the district court to make sure it was received.  He asserts that "[n]o correspondence was sent back, as is the precedence set forth in similar [boot camp] cases,[3] [and he] assumed that the letter had been accepted."  Mr. Sherard argues this led him to

---

[3] Mr. Sherard did not identify any previous cases where this district court agreed the Department of Corrections' letters were sufficient to extend the one-year requirement without correspondence from the defendant.

believe there was no need to do more to preserve his opportunity for a sentence reduction. He does not claim anyone directly told him this would be sufficient.

[¶13] Mr. Sherard does not dispute that his motion to reduce sentence was filed outside the one-year requirement in Rule 35(b). He maintains the Department of Corrections' letter requesting an extension of time must be considered a motion on his behalf. He suggests this Court should interpret the letter as his pro se motion for an extension of time within the time allowed by Rule 45. Mr. Sherard contends that the district court's failure to consider and rule on the letter/motion prior to dismissing his request for reduction of sentence deprived Mr. Sherard his due process opportunity to be heard.

[¶14] The State responds that the Department of Corrections' letter cannot be considered a motion on Mr. Sherard's behalf because only parties to the action may file motions to the court. The Department of Corrections is not a party to this action. Therefore, the only motion before the district court was Mr. Sherard's untimely motion leaving the district court without jurisdiction to grant a sentence reduction.

[¶15] The dispositive question is whether the Department of Corrections' letter may be considered a motion for an extension of time by Mr. Sherard. W.R.Cr.P. 47 provides:

> An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

W.R.Cr.P. 47.

[¶16] Mr. Sherard argues the letter meets all the requirements under W.R.Cr.P. 47 as it was in writing, stated the grounds on which it is made, and set forth the relief requested. Mr. Sherard cites no precedent for his proposition that a letter from the Department of Corrections (or from any other nonparty) may be considered as a "motion" on behalf of a defendant. He did not respond to the State's argument that the Department of Corrections, as a nonparty, cannot file a motion in this case.

[¶17] Mr. Sherard may have had a good faith belief he had complied with the required procedure, and it is unfortunate that he was mistaken. We start with the general rule that "[a] party to a case may invoke the action of the court by a motion for proper cause, but a nonparty cannot appear and make a motion." 60 C.J.S. *Motions and Orders* § 8, at 11 (2012); *see id.* ("A party over whom the court has acquired jurisdiction may invoke the action of the court by a motion for proper cause. On the other hand, a stranger to the suit, or a nonparty, cannot appear and make a motion." (footnotes omitted)). There are

6

exceptions. Under some circumstances, "a nonparty whose rights or interests are injuriously affected by a judgment or an appealable order need not formally intervene." 56 Am. Jur. 2d *Motions, Rules, and Orders* § 7, at 11 (2020).

[¶18] In this case, the Department of Corrections does not have a right or interest in the reduction of Mr. Sherard's sentence. Wyo. Stat. Ann. § 7-13-1002 requires a **convicted felon** to make application for a sentence reduction.[4] The Department of Corrections' obligations do not extend to representation of Mr. Sherard.

[¶19] The Department of Corrections did request an extension of time in its letter. As a nonparty, it could not appear or invoke action in Mr. Sherard's case. Mr. Sherard did not sign the letter, supply an attachment, or otherwise notify the district court of his desire to be granted an extension. We can find no authority in statute or caselaw supporting that the Department of Corrections under these facts can qualify for an exception to the general rule that a nonparty cannot appear for the defendant. While we sympathize with Mr. Sherard's dilemma, the district court did not err in finding it was without jurisdiction to consider the request for a sentence reduction.

## *CONCLUSION*

[¶20] The letter from the Department of Corrections cannot be considered a pro se motion for an extension of time by Mr. Sherard. Mr. Sherard did not file a timely request for a reduction of sentence, and the district court was without jurisdiction to consider his motion for sentence reduction. Affirmed.

---

[4] **Sentence reduction for youthful offenders.**
(a) The sentencing court may reduce the sentence of any convicted felon who:
(i) Is certified by the department as having successfully completed the youthful offender program under W.S. 7-13-1003; and
(ii) Makes application to the court within one (1) year after the individual began serving a sentence of incarceration at a state penal institution.
Wyo. Stat. Ann. § 7-13-1002 (LexisNexis 2019). The statute has since been amended.