**In the Matter of the ESTATE OF Harry B. FULMER, Deceased.**

**Henry A. BURGESS, Acting Trustee under the Last Will and Testament of Harry B. Fulmer, Appellant (Petitioner),**

**v.**

**FIRST WYOMING BANK, SHERIDAN, Successor Corporate Co–Trustee of the First National Bank of Sheridan, Wyoming, and Federal Deposit Insurance Corporation, Appellees (Respondents).**

**No. 86–324.**

**Supreme Court of Wyoming.**

**Sept. 14, 1988.**

Henry A. Burgess and Robert James Wyatt, Burgess & Davis, Sheridan, for appellant.

David F. Palmerlee, Omohundro & Palmerlee, Buffalo, for appellee, First Wyoming Bank, Sheridan.

Tom C. Toner, Redle, Yonkee & Arney, Sheridan, for appellee, Federal Deposit Ins. Corp.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN, J.*, Retired.

THOMAS, Justice.

The dispositive question in this case is whether the probate court had jurisdiction to consider matters relating to a testamentary trust after the entry of a decree of final distribution. Henry A. Burgess, the appellant, presented for resolution the question of whether the probate court erred in appointing a successor corporate co-trustee, over the objection of the remaining co-trustee, after the corporate co-trustee, which had been appointed originally, ceased to do business. Other intriguing questions were argued by the parties including the abuse of discretion by the district court in selecting the successor co-trustee; the scope of the appeal in view of a limited notice of appeal; and jurisdiction over the Federal Deposit Insurance Corporation assuming subject matter jurisdiction of the probate court. In the exercise of appropriate judicial restraint, the court will not address any of the substantive questions raised because the court is satisfied that the probate court had no jurisdiction to act in the case. This court, for that reason, has no jurisdiction to entertain the appeal. The appeal must be dismissed.

In his Last Will and Testament, Harry B. Fulmer established a trust called "The Fulmer Library Fund" and appointed Henry A. Burgess and the First National Bank of Sheridan (First National) as co-trustees. The Fulmer will was admitted to probate in the District Court of the Fourth Judicial District in Sheridan County on June 27, 1972. On September 12, 1973, the probate court entered its Decree Approving Accounting of Administration of Estate and of Distribution, and, on October 11, 1973, the Decree of Final Discharge was entered.

Thereafter, the management of the estate went along smoothly until 1986. By June of 1986, First National was in severe financial difficulty, and, on June 11, 1986, Henry Burgess petitioned the probate court to enter an order requiring First National to provide him with correct financial statements for several years and all documents relating to the financial condition of the bank at that time to facilitate a determination as to whether "The Fulmer Library Fund" should retain its investment in the stock in First National. The financial situation of First National deteriorated further. Subsequently, on July 19, 1986, the United States District Court for the District of Wyoming entered an order approving the sale of certain assets and the transfer of certain liabilities of First National to First Wyoming Bank by the FDIC, which by then had been appointed the receiver of First National pursuant to federal law. This transfer was pursuant to a purchase and assumption agreement entered into on July 17, 1986. The pertinent paragraph of the purchase and assumption agreement provided for the transfer, with certain exceptions, of the trust business of First National, and the Fulmer trust was transferred to First Wyoming in accordance with the agreement.

In August of 1986, Henry Burgess filed another petition in the probate court requesting that the court require the delivery of the assets of The Fulmer Library Fund to him as the sole trustee. He asserted that the failure of First National had terminated its co-trustee status and that he had been informed orally by the FDIC that the Fulmer trust assets would be delivered to him. The probate court entered an order to show cause requiring First Wyoming and FDIC to appear and show cause why the assets of the Fulmer trust should not be delivered to Henry Burgess. Despite the objection of FDIC to the court's jurisdiction, a hearing was held on September 10, 1986. The court addressed the matter upon the merits and, subsequently, entered an order finding that: Harry B. Fulmer had intended that there be a corporate co-trustee; there had been no wrongful appropriation of assets by either the FDIC or

* Retired June 30, 1988.

First Wyoming Bank; and it had the sole discretion to appoint the successor co-trustee, keeping before it the testator's intent and the preferences of the beneficiaries of the trust as well as the preferences of the co-trustee. No appeal was taken from that order.

Instead, on October 23, 1986, Henry Burgess filed a motion requesting the court to appoint First Interstate Bank as the successor co-trustee. On the next day, another motion was filed requesting the court to deny any petition or motion by either FDIC or First Wyoming for reimbursement of fees or expenses, although no such application or petition appears in the record. The court heard those motions on October 24, 1986 and considered the views of Mr. Burgess as well as the Board of Directors of the Fulmer Library, the principal beneficiary of the trust. It also received information from representatives of First Wyoming as to its qualifications to continue to serve as co-trustee. The court, after listening to the presentations, made it clear to all that it was deciding solely the issue of who would be the successor co-trustee. On November 5, 1986, it entered an order designating First Wyoming as the successor corporate co-trustee of the Fulmer trust and denying both of the Burgess motions. This appeal then was attempted from that final order of November 4, 1986 (the order was signed on November 4 but entered on November 5).

The question of jurisdiction is continually present in any case and can be raised at any time. It is a matter which the court has a duty to raise upon its own motion. *Kurpjuweit v. Northwestern Development Company, Inc.*, 708 P.2d 39 (Wyo.1985); *Hayes v. State*, 599 P.2d 569 (Wyo.1979); *White v. Board of Land Commissioners*, 595 P.2d 76 (Wyo.1979); *Merritt v. Merritt*, 586 P.2d 550 (Wyo.1978); *Pritchard v. State, Division of Vocational Rehabilitation, Department of Health and Social Services*, 540 P.2d 523 (Wyo.1975); *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag*, 444 P.2d 327 (Wyo.1968). Our rule is that if the lower court is without jurisdiction, then this court also lacks jurisdiction.

*Snell v. Ruppert*, 541 P.2d 1042 (Wyo. 1975); *Pritchard v. State, Division of Vocational Rehabilitation, Department of Health and Social Services*, supra; *Ginn v. Parrish*, 362 P.2d 824 (Wyo.1961).

It is clear from precedent of this court that the jurisdiction of the district court sitting in probate was separate and distinct from its general jurisdiction. The cases treated the matter as one in which a district judge was invested with two robes— one labeled "probate judge" and the other labeled "district judge;" the judge could not wear both robes at the same time. *Matter of Frederick's Estate*, 599 P.2d 550 (Wyo.1979). When the court was exercising its probate jurisdiction, that jurisdiction was limited and special; it could consider only those matters relating to the marshaling, distribution and settlement of decedents' estates. If the court attempted to resolve issues which were not necessary to the exercise of its probate jurisdiction, or acted beyond the powers conferred by statutes, such determinations were not afforded any binding effect and were subject to collateral attack. *In re Scott's Estate*, 642 P.2d 1287 (Wyo.1982), appeal after remand 657 P.2d 361 (1983); *First Wyoming Bank, N.A. Cheyenne v. First National Bank and Trust Company of Wyoming*, 628 P.2d 1355 (Wyo.1981); *Matter of Frederick's Estate*, supra; *Matter of Stringer's Estate*, 80 Wyo. 389, 343 P.2d 508 (1959), reh. denied 80 Wyo. 426, 345 P.2d 786 (1959); *Denver Joint Stock Land Bank of Denver v. Preston*, 52 Wyo. 132, 70 P.2d 584 (1937); *Poston v. Delfelder*, 39 Wyo. 163, 270 P. 1068 (1928); *Church v. Quiner*, 31 Wyo. 222, 224 P. 1073 (1924). We have noted, specifically, that a probate court cannot determine title to trust property when a third party claims title against the representative of the estate. *Wayman v. Alanko*, 351 P.2d 100 (Wyo.1960); *Security–First National Bank of Los Angeles v. King*, 46 Wyo. 59, 23 P.2d 851, 90 A.L.R. 125 (1933).

This line of authority in Wyoming is consistent with the general rule found in 4 Bancroft's Probate Practice, § 1191 at 519 (2d ed. 1950):

"In the absence of statute a probate court has no jurisdiction, after distribution, to appoint or control trustees of a trust created by will."

Wyoming has no such statute. According to *State v. Underwood*, 54 Wyo. 1, 86 P.2d 707 (1939), that jurisdiction is ascribed to the district court in the exercise of its superior and general jurisdiction.

After the decisions cited above, the legislature did amend § 2–2–101, W.S.1977, to provide ancillary jurisdiction in the probate court "co-extensive with the jurisdiction over subject matter of the district court in any civil action." The statute goes on to provide, however, that:

"As to all other parties, an action may be brought and maintained at any time prior to the entry of final decree of distribution under W.S. 2–7–813, by or against the personal representative in the district court, sitting in probate, seeking any legal or equitable remedy as to any interest in property, real or personal, in which the estate asserts or claims any interest. In addition, all causes cognizable in the district court in any civil action may be brought and maintained at any time prior to the entry of final decree of distribution under W.S. 2–7–813, by or against a personal representative in the district court sitting in probate which granted the letters to the personal representative." Section 2–2–101, W.S.1977 (Cum. Supp.1986).

While these statutory provisions do extend the subject matter jurisdiction of the probate court to those cases concerned with the property of the estate, the expanded jurisdiction is available only during the time in which the probate court is adjudicating the administration of the estate. The statute obviously contemplates that the period of time ends upon the entry of a final decree of distribution. That period long since had passed when the instant controversy arose, and, of course, the amendment of § 2–2–101, W.S.1977, would have no effect in this instance because "statutes governing the administration of an estate are those in effect at the time of the testator's death." *Pike v. Markman*, 633 P.2d 944 (Wyo.1981).

While we hold that the probate court had no jurisdiction to entertain the claims of Mr. Burgess in this instance, the lack of jurisdiction is doubly clear with respect to the FDIC. As to that entity, any action must be brought in a court having proper subject matter jurisdiction, and it must be initiated in the appropriate manner, usually by means of a complaint and summons, not simply a petition to require delivery of the trust assets. See *Freeling v. Sebring*, 296 F.2d 244 (10th Cir.1961); G. Bogert, Trusts and Trustees § 869 at 87–90 (rev. 2d ed. 1982). Furthermore, the rule that would pertain in this instance is that a purchase and assumption agreement involving the FDIC which, as in this case, has been approved in the federal court is not subject to collateral attack. *Federal Deposit Insurance Corporation v. American Bank Trust Shares, Inc.*, 460 F.Supp. 549 (D.S.C.1978), aff'd 629 F.2d 951 (4th Cir.1980); *Read v. Elliott*, 94 F.2d 55 (4th Cir.1938).

Application of the foregoing principles and proper judicial restraint require that we notice the question of jurisdiction of our own motion. It is clear that, under Wyoming law, which has not been abrogated by statute but adjusted only during the period while the estate is in probate, the district court sitting in probate had no jurisdiction to consider the matters presented by the petition and motion, the denial of which was the subject of this attempted appeal. Clearly, those matters were presented to the district court seeking to invoke its probate jurisdiction, and no attempt was made to comply with the usual rules of civil procedure nor to invoke the jurisdiction of the district court. Under these circumstances, this court is vested with no greater jurisdiction than that vested in the trial court, which was nil.

The appeal is dismissed.