972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammy Leroy MCMURRAY, Petitioner-Appellant,
v.
Robert J. TANSY, Respondent-Appellee.
 No. 92-2025.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Sammy Leroy McMurray appeals from the denial of his 28 U.S.C. § 2254 petition. Mr. McMurray was convicted in a New Mexico state court on rape charges on April 22, 1985, after a trial by jury. He now challenges the convictions, contending insufficiency of the evidence. The district court, adopting the findings and recommendations of a magistrate, dismissed the petition and denied a certificate of probable cause to appeal.
 
 
 2
 In reviewing a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A federal court cannot grant habeas relief unless this question is answered in the negative.
 
 
 3
 Mr. McMurray's conviction was based primarily on the identification testimony of the victim, and he now centers his argument on inconsistencies in her pretrial statements to police and medical personnel and inconsistencies between her trial testimony and that of a defense witness. He also points to her initial description of her assailant as a 5'8" to 5'10" black man; Mr. McMurray is a 6'4" black man. We do not find the victim's testimony as inherently incredible, however. See Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir.) ("We may disregard testimony on review only if we find that the witness is inherently incredible."), cert. denied, 112 S.Ct. 115 (1991). The victim told the police that the assailant was one of her neighbors whom she had seen almost daily for the previous five years, and she immediately and unequivocally identified her neighbor Mr. McMurray when police brought her to his home. Furthermore, she stated that her assailant had worn a grey fuzzy sweater, a description which matched a sweater retrieved from Mr. McMurray's home. The minor inconsistencies in the victim's statements to police and medical personnel, most of which revolved around whether the assailant actually penetrated her, and the inconsistencies between her description of the assailant's facial hair and the defense witness' description of Mr. McMurray's facial hair on the day of the rape, were matters within the province of the jury. See id. at 1562.
 
 
 4
 Viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could find beyond reasonable doubt all the elements of the crimes charged against Mr. McMurray. The certificate of probable cause to appeal is GRANTED, see 28 U.S.C. § 2253, and the judgment of the district court is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3