2007 WY 81

**Robert W. LEE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 06–116.**

Supreme Court of Wyoming.

May 14, 2007.

Representing Appellant: Robert W. Lee, Pro se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Appellant, Robert W. Lee, filed a Request for Clarification of Sentence with the district court on March 14, 2006. The district court entered an Order Denying Request for Clarification of Sentence on March 17, 2006. We conclude that the district court did not have jurisdiction to consider the Request for Clarification of Sentence, and therefore, we do not have jurisdiction to consider this appeal.

## ISSUES

[¶ 2] Did the district court have jurisdiction to consider a motion entitled "Request for Clarification of Sentence" filed more than seven years after entry of conviction and sentencing, where Appellant did not cite to any authority allowing the court continuing jurisdiction in the matter?

## FACTS

[¶ 3] The underlying facts of Appellant's conviction are not at issue here. Appellant was convicted of four separate drug-related felonies under Wyo. Stat. Ann. § 35–7–1031 (Michie Cum.Supp.1996). He was sentenced to 30–60 months on count I, to run concurrent with a sentence of 90–120 months on count II. The 294 days Appellant had already been incarcerated at the time of his sentence were credited toward those concurrent sentences. Appellant was also sentenced to 30–60 months on count III, to run concurrent with 72–120 months on count IV. The sentencing order stated "the concurrent sentences on Counts I, and II, or [sic] the charges herein shall run consecutive to the concurrent sentences on Counts III, and IV of the charges herein." Appellant has brought various challenges to the construction and implementation of that sentence since his conviction. We affirmed his conviction and sentence on direct appeal in *Lee v. State*, 2 P.3d 517 (Wyo.2000). Appellant filed a Request for Clarification of Sentence with the district court on March 14, 2006. The district court entered an Order Denying Request for Clarification of Sentence on March 17, 2006. This appeal followed.

## STANDARD OF REVIEW

[¶ 4] The issue of subject matter jurisdiction is one that we review "*de novo* pursuant to the 'inherent power, and the duty, to address jurisdictional defects on appeal[.]' " Sheridan *Ret. Partners v. City of Sheridan*, 950 P.2d 554, 556 (Wyo.1997).

## DISCUSSION

[¶ 5] Every court has the duty to ensure the proper exercise of its jurisdiction. *Estate of Fulmer v. First Wyoming Bank*,

*Sheridan,* 761 P.2d 658, 660 (Wyo.1988). The court must raise this issue *sua sponte* if the parties do not. *Id.* If a trial court did not have jurisdiction to entertain an issue, this Court cannot have jurisdiction to decide a subsequent appeal on that issue. *Id.*

[¶ 6] Here, the trial court's jurisdiction terminated with the entry of the judgment and sentence in this case, and the final disposition of Appellant's direct appeal. *Nixon v. State,* 2002 WY 118, ¶ 9, 51 P.3d 851, 854 (Wyo.2002). In the absence of a specific statute or court rule allowing the trial court continued jurisdiction, the court had no power to act further. *Id.* Appellant filed a document entitled "Request for Clarification of Sentence", a motion that does not appear in any rule of criminal procedure or substantive criminal statute. Appellant did not provide citation to any rule or statute authorizing the district court to act on such a request more than seven years after his conviction and sentencing, nor can we find any rule or statute allowing it. In fact, Appellant did not cite to any authority, jurisdictional or otherwise, in either his original submission to the district court, or his brief on appeal. The record reflects that Appellant has previously filed a Motion for Reduction of Sentence, a Motion to Correct Clerical Errors, and a Motion to Correct Illegal Sentence, all of which are legitimate motions under the Wyoming Rules of Criminal Procedure. However, the document before the district court in this instance is not a vehicle for any recognized legal remedy under those rules.

## CONCLUSION

[¶ 7] We conclude that the district court was without jurisdiction to consider Appellant's "Request for Clarification of Sentence"

and that, consequently, we are without jurisdiction to consider this appeal. The appeal is dismissed.

HILL, J., files a specially concurring opinion.

HILL, Justice, specially concurring.

[¶ 8] I file this special concurrence because I do not agree that this appeal should be dismissed. It is in some respects, perhaps, a dissent, but if adopted, it would lead the Court to a very similar result. It is my perception that the district court did have jurisdiction of Lee's motion, and we have jurisdiction of this appeal. I conclude that the district court properly denied Lee's "Motion for Clarification of Sentence," and that the district court's appealable order should be affirmed.

[¶ 9] W.R.Cr.P. 35 provides that a district court may correct an illegal sentence "at any time." W.R.Cr.P. 36 provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Lee's motion properly invoked the district court's jurisdiction under one or both of the above-cited rules, but it failed to state any ground which would entitle Lee to relief. Therefore, the district court's order should be affirmed.