FILED
United States Court of Appeals
Tenth Circuit

August 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAMMY LEROY MCMURRAY,

      Plaintiff-Appellant,

v.

JUSTICE MCCELMOORE,

      Defendant-Appellee.

No. 11-2064
(D.C. No. 6:10-CV-00389-JCH-GBW)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

This appeal is the latest in a series of complaints and appeals filed pro se by

Sammy Leroy McMurray, who is currently being confined in the New Mexico

Behavioral Health Institute's long-term care division. McMurray filed this civil rights

action against former state judge McCelmoore, complaining, as best we can tell, about

---

     [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

the evidence used to convict him in a state criminal prosecution. The district court dismissed the case without prejudice. Several months later, McMurray filed a series of motions seeking to reopen the case. The district court denied those motions and advised McMurray that it was considering filing restrictions. When McMurray did not respond, the district court entered an order imposing filing restrictions. McMurray appeals only this order. After thoroughly reviewing McMurray's filings and the record in this case, we AFFIRM.

## BACKGROUND

All of McMurray's complaints and appeals stem from his conviction in 1985 of two counts of criminal sexual penetration in the second degree, one count of aggravated robbery, and one count of aggravated assault with intent to commit a violent felony. See In re Sammy Leroy McMurray, No. 11-2015 (10th Cir. Feb. 11, 2011). All of McMurray's filings are difficult to decipher, but it seems that generally he asserts that a former state court judge, McCelmoore, allowed perjury or slander against McMurray at trial. In 1989, McMurray filed his first habeas petition, pursuant to 28 U.S.C. § 2254, challenging his conviction. McMurray v. Tansy, No. 90-2130 (10th Cir. Jan. 14, 1991). This Court affirmed his conviction in part and remanded in part. Id. Upon remand, the district court dismissed the § 2254 petition, and this Court affirmed that dismissal. McMurray v. Tansy, No. 92-2025, 1992 WL 189109, at *2 (10th Cir. Aug. 7, 1992) (unpublished). In 2009, McMurray moved to reopen his first § 2254 petition, but the district court denied that motion. McMurray v. Tansy, No. 89-cv-00947 (D.N.M. Jan. 23,

2009). Then, in 2011, McMurray filed a second § 2254 petition and a motion for authorization to file a second or successive § 2254 petition, both of which named McCelmoore as the respondent. McMurray v. McCelmoore, No. 11-cv-00023 (D.N.M. Feb. 3, 2011). The district court dismissed the second § 2254 petition for lack of jurisdiction, and we affirmed. In re Sammy Leroy McMurray, No. 11-2015 (10th Cir. Feb. 11, 2011).

Aside from McMurray's attempts at seeking habeas relief, he has filed at least five civil rights actions against McCelmoore, three of which have been dismissed for failure to state a claim or for being frivolous. See McMurray v. McCelmoore, No. 10-cv-00389 (D.N.M. July 7, 2010) (dismissing McMurray's claims seeking a new trial for failure to state a claim upon which relief can be granted); McMurray v. McCelmoore, No. 08-cv-01209 (D.N.M. Dec. 4, 2009) (dismissing McMurray's claims for damages against state judge as frivolous); McMurray v. McCelmoore, No. 08-cv-00773 (D.N.M. Dec. 12, 2008) (dismissing McMurray's claims for damages against state judges as frivolous and dismissing his claims for equitable relief for failure to state claim upon which relief can be granted); McMurray v. Snead, No. 08-cv-00519 (D.N.M. Aug. 19, 2008) (dismissing McMurray's case for failure to submit the filing fee or to file a motion for leave to proceed in forma pauperis); McMurray v. Snead-Justice, No. 07-cv-00688 (D.N.M. Mar. 7, 2008) (dismissing McMurray's case for lack of service). So in total, between the second § 2254 petition, which named McCelmoore as the respondent, and the five civil

3

rights actions, McMurray has now filed six actions against McCelmoore.[1]

In the current case, four months after the district court dismissed his claims, McMurray filed a motion seeking to reopen his case. The district court denied that motion and warned McMurray that it was considering imposing filing restrictions:

> The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. Here, even after the Court dismissed three nearly identical complaints, Plaintiff filed two slightly modified versions of the same complaint. Plaintiff's abusive conduct justifies imposition of an injunction against him to deter frivolous filings.

(Aplt. App. at 44–45.) The district court then explained in detail its proposed filing restrictions and gave McMurray fourteen days to file written objections. McMurray failed to file written objections, and so the district court entered an order imposing filing restrictions. McMurray appeals that order.

## DISCUSSION

We review the imposition of filing restrictions for an abuse of discretion. Tripati

---

[1] This calculation does not even include two other types of cases that McMurray has filed concerning his 1985 conviction. First, McMurray has now twice filed cases against federal district judges who dismissed his claims against McCelmoore. See McMurray v. Smith, No. 08-cv-00805 (D.N.M. Sept. 29, 2008); McMurray v. Smith, No. 08-cv-00408 (D.N.M. July 11, 2008) (both dismissing cases McMurray brought against judges who dismissed McMurray's cases against McCelmoore). Second, McMurray recently filed a case against the victim who testified at McMurray's state criminal prosecution in 1985. See McMurray v. Craycraft, No. 10-cv-00480 (D.N.M. Aug. 31, 2010) (dismissing without prejudice McMurray's civil rights complaint against the victim in his state criminal prosecution).

v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Id. at 353 (internal citation omitted). Federal courts have "power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents." Id. at 352. Thus, federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Id. (internal quotation marks omitted). Although "[l]itigiousness alone will not support an injunction restricting filing activities," filing restrictions "are proper where a litigant's abusive and lengthy history is properly set forth," the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." Id. at 354.

The district court in this case complied with all the requirements necessary for imposing filing restrictions. It recounted McMurray's lengthy, abusive filing history, which includes McMurray filing slightly modified versions of complaints that had already been dismissed in prior cases. The court also provided McMurray with detailed guidelines for obtaining the court's permission to file an action and with an opportunity to oppose the restrictions. The district court did not abuse its discretion by imposing filing restrictions, and, therefore, we affirm.

After reviewing McMurray's litigation history ourselves, we also conclude that filing restrictions in this Court are warranted. McMurray was warned by a district court

almost three years ago about the consequences of continuing down this road of repetitive, frivolous filings: "[A]lthough concerned about McMurray's repetitive filings, the Court will not impose filing restrictions at this time, but will put McMurray on notice of the possibility of having such restrictions imposed if he continues to file meritless suits." McMurray v. Smith, No. 08-cv-00805 (D.N.M. Sept. 29, 2008). Despite that warning, McMurray has been undeterred. To date, McMurray has had at least ten pro se cases related to his 1985 conviction decided adversely in courts of this circuit. After unsuccessfully attacking the state judges who presided over his state criminal prosecution, McMurray began filing suits against the federal judges who dismissed his cases against the state judges. McMurray most recently turned his sights back to the victim of his crime who testified against him in 1985. We are particularly concerned with this recent activity and are instituting filing restrictions in order to prevent McMurray's victim from being needlessly dragged back into court twenty-five years after she thought she could put this crime behind her.

Further frivolous suits by McMurray may result in a monetary sanction being imposed against him. For now, we order that for McMurray to proceed pro se in the future in this Court in any appeal or original proceeding, McMurray must provide this Court with the following:

1. A list of all appeals or original proceedings filed, whether currently pending or previously filed with this Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each appeal or

original proceeding; and

2. A notarized affidavit, in proper legal form, that recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged or the issue being raised. The affidavit must also certify, to the best of McMurray's knowledge, that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or original proceeding is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation; and that he will comply with all appellate and local rules of this court.

These filings shall be submitted to the Clerk of the Court, who shall forward them for review to the Chief Judge or her designee, to determine whether to permit McMurray to proceed with a pro se appeal or original proceeding. Without such authorization, the matter will be dismissed. If the Chief Judge or her designee authorizes a pro se appeal or original proceeding to proceed, an order shall be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

In addition, McMurray shall not submit any further pleadings or motions in this court not specifically authorized by the Federal Rules of Appellate Procedure. In the event that such a motion or pleading is submitted, the Clerk of the Court may return it to

7

McMurray unfiled.

McMurray shall have ten days from the date of this Order and Judgment to file written objections, limited to fifteen pages, to the proposed filing restrictions. If he does not file timely objections, the filing restrictions will take effect twenty days from the entry of this Order and Judgment. If he does file timely objections, the filing restrictions will not take effect unless the Court overrules his objections, in which case the filing restrictions shall apply to any filing with this Court after that ruling.

## CONCLUSION

For the foregoing reasons, we DENY in forma pauperis status, and we AFFIRM the district court's order of injunction and imposing filing restrictions. Further, we ORDER McMurray to show cause why filing restrictions should not be imposed, as set forth herein.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

8