2012 WY 162

**Matthew C. KURTENBACH,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. S–11–0262.**

Supreme Court of Wyoming.

Dec. 20, 2012.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel, Wyoming Public Defender Program.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeffrey Pope, Assistant Attorney General.

Before KITE, C.J., and GOLDEN,* HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]  On September, 18, 2008, this Court affirmed Matthew Kurtenbach's conviction for making a false written statement to obtain property.  On May 20, 2011, Kurtenbach filed in district court a motion entitled "Motion to Execute Sentence."  The district court denied Kurtenbach's motion, and Kurtenbach appeals that denial.  We conclude that the district court did not have jurisdiction to consider the "Motion to Execute Sentence," and therefore this Court likewise does not have jurisdiction to consider this appeal.  The appeal is thus dismissed.

## ISSUE

[¶ 2]  Kurtenbach presents the following issue on appeal:

Should the district court's sentence be ordered to be executed to give effect to subsequent sentences in other jurisdictions and to avoid an illegal sentence?

## FACTS

[¶ 3]  On May 14, 2007, Kurtenbach entered a conditional guilty plea to a charge of making a false written statement to obtain property, reserving the right to appeal his claim that his right to a speedy trial had been violated.  The district court sentenced Kurtenbach to incarceration for a period of two to five years.  Kurtenbach appealed, and

* GOLDEN, J., retired effective September 30,      2012.

on April 23, 2008, he was ordered released on an appeal bond.

[¶ 4] While Kurtenbach was released on his appeal bond, South Dakota authorities arrested him for crimes committed between April 28, 2008 and June 26, 2008. He was charged and convicted in multiple South Dakota counties, and then in North Dakota counties, for various charges. The respective courts ordered most of Kurtenbach's sentences to run concurrently with each other and with Kurtenbach's Wyoming sentence. Kurtenbach remained incarcerated in the Dakotas throughout the pendency of his Wyoming appeal.

[¶ 5] On September 18, 2008, this Court issued its decision affirming Kurtenbach's Wyoming conviction. *Kurtenbach v. State*, 2008 WY 109, 192 P.3d 973 (Wyo.2008). On December 23, 2008, the district court revoked Kurtenbach's appeal bond and remanded him to custody of the Wyoming Department of Corrections. On January 30, 2009, the State notified the warden of the North Dakota State Penitentiary of Kurtenbach's Wyoming conviction and sentence, and it placed a detainer on Kurtenbach to ensure his return to Wyoming custody upon his release from North Dakota.

[¶ 6] Prior to this Court's decision affirming Kurtenbach's conviction, Kurtenbach began sending multiple letters to the district court insisting that the court order that his Wyoming sentence began to run while he was incarcerated in North and South Dakota. By letter dated February 23, 2011, the district court informed Kurtenbach as follows:

The court has received your letter dated February 1, 2011. At this time, the court has thoroughly reviewed your file, including the transcript of your sentencing in this matter. Upon review, the court has confirmed that the court never entered an order stating that your sentence in this matter was to run concurrently with your South Dakota or North Dakota sentences. In fact, the court has previously informed you that it would not consider your case appropriate for concurrent sentencing. Although the appeal bond has been returned in this matter, you[r] sentence does not begin to run until you are actually incarcerated in the State of Wyoming. Ms. O'Brien's interpretation of your file is correct.

As to the copy of the order from South Dakota that you provided to the court, the court would inform you that South Dakota does not have the authority to order that Wyoming run its sentences concurrently with South Dakota cases. Any mention of concurrent sentencing in any order from South Dakota is only applicable to South Dakota cases.

[¶ 7] On May 20, 2011, over two and a half years after this Court issued its decision affirming his conviction, Kurtenbach filed a pleading entitled "Motion to Execute Sentence." Through his "Motion to Execute Sentence," Kurtenbach argued that the district court had orally ordered during his bond revocation hearing that Kurtenbach's Wyoming sentence would begin to run upon issuance of a bench warrant for his arrest. He further argued that Wyoming's sentence should run concurrently with the sentences in the Dakotas because the courts there explicitly ordered that their state sentences were to run concurrently with the Wyoming sentence.

[¶ 8] On July 29, 2011, the district court entered an order denying the "Motion to Execute Sentence." In so ruling, the court reviewed its response during the bond revocation hearing to Kurtenbach's question as to when his Wyoming sentence would begin to run. The court concluded that its statement during that hearing, that Kurtenbach's sentence would begin to run "[p]robably as soon as we issue a bench warrant for your arrest," was not an order but was instead an answer to a factual question. The court found that its response was in no way definitive and that it reflected uncertainty inconsistent with an intent to issue an order. The court further found that the South Dakota and North Dakota courts had no authority to modify Kurtenbach's Wyoming sentence and direct that it run concurrent with Kurtenbach's sentences in those states.

[¶ 9] Kurtenbach timely appealed the district court's denial of his "Motion to Execute Sentence."

## STANDARD OF REVIEW

[¶ 10] Whether subject matter jurisdiction exists is a question of law that we review *de novo*. *Neidlinger v. State*, 2010 WY 54, ¶ 8, 230 P.3d 306, 308 (Wyo.2010); *Lee v. State*, 2007 WY 81, ¶ 4, 157 P.3d 947, 948 (Wyo.2007).

## DISCUSSION

[¶ 11] This Court has held:

Once a defendant's conviction is final because he has exercised his right to appeal, or the time for appeal has expired, the district court no longer has authority over the case. The district court only has jurisdiction to act if the case has been remanded or if a specific, express exception conferring jurisdiction is created by a rule or statute.

*Neidlinger*, ¶ 9, 230 P.3d at 308 (citing *Nixon v. State*, 2002 WY 118, ¶ 13, 51 P.3d 851, 854 (Wyo.2002)) (internal citation omitted); *see also Lee*, ¶ 6, 157 P.3d at 949.

[¶ 12] The Wyoming Rules of Criminal Procedure do not authorize the filing of, or a court's consideration of, a "Motion to Execute Sentence." Such a pleading is not provided for in the rules, and Kurtenbach cited no authority for the pleading in his motion. Perhaps recognizing the lack of authority for such a motion, Kurtenbach on appeal argues the motion as if it were a W.R.Cr.P. 35(a) motion to correct an illegal sentence. Kurtenbach did not, however, file the motion as a Rule 35(a) motion, and he has pointed to no illegality in the sentence entered by the district court following his guilty plea. Kurtenbach's arguments on appeal are instead directed to enforcement of an alleged oral order of the district court and an obligation by the State to take physical custody of him from the facility in which he is presently serving a sentence in one of the Dakotas.

[¶ 13] Kurtenbach's "Motion to Execute Sentence" is not a motion to correct an illegal sentence, and it is not a motion otherwise expressly provided for by rule or statute. We therefore conclude that the district court was without jurisdiction to consider the motion. *See Lee*, ¶ 6, 157 P.3d at 949 (holding district court lacked subject matter jurisdiction because "the document before the district court in this instance is not a vehicle for any recognized legal remedy under [the] rules"). Because the district court lacked subject matter jurisdiction to consider Kurtenbach's "Motion to Execute Sentence," this Court is without jurisdiction to consider this appeal. *See Neidlinger*, ¶ 10, 230 P.3d at 309 ("This Court enjoys no greater jurisdiction than the district court in such matters.").

## CONCLUSION

[¶ 14] We conclude that the district court was without jurisdiction to consider Kurtenbach's "Motion to Execute Sentence" and that, consequently, this Court is without jurisdiction to consider this appeal. The appeal is dismissed.