DAVIS, Justice,
specially concurring, in which HILL, Justice, joins.
[19] I agree with the majority opinion that Appellant is not challenging the legality of his sentences, but only the way in which the State has executed them. I1 write separately because that conclusion should compel us to dismiss the appeal for lack of subject matter jurisdiction, rather than affirm on the merits. Because Appellant is not properly contesting the legality of his sentences under W.R.Cr.P. 35, the district court rightly recognized that it did not have jurisdiction to consider Appellant's assertions. See Kurtenbach v. State, 2012 WY 162, ¶ 11, 290 P.3d 1101, 1104 (Wyo.2012) (explaining that in the absence of a specific statute or court rule allowing the trial court continued jurisdiction, the court has no power to act further once a defendant's conviction is final because he has exercised his right to appeal, or the time for appeal has expired). This Court ought to do the same. While it is certainly true that district courts have jurisdiction to correct illegal sentences at any time, a party cannot create jurisdiction by titling a pleading as something it is not. See, e.g., Hitz v. State, 2014 WY 58, 323 P.3d 1104 (Wyo.2014); Ragsdale v. Hartford Underwriters Ins. Co., 2007 WY 163, ¶ 4, 169 P.3d 78, 80 (Wyo.2007) ("[T]his Court looks to the substance of a motion in order to determine the appropriateness of the motion.").
[110] Because "the district court lacked subject matter jurisdiction, this Court has jurisdiction on appeal, not on the merits, but only as to the jurisdictional issue." Rock v. Lankford, 2013 WY 61, ¶ 18, 301 P.3d 1075, 1080 (Wyo.2013) (quoting Hall v. Park Cnty., *752 2010 WY 124, ¶ 3, 238 P.3d 580, 581 (Wyo.2010). "The absence of subject matter jurisdiction makes dismissal, rather than affir-mance, the proper course." Hall, ¶ 3, 238 P.3d at 581.