# IN THE SUPREME COURT, STATE OF WYOMING

# 2017 WY 66

**APRIL TERM, A.D. 2017**

**June 2, 2017**

STEVEN R. BARELA,

Appellant
(Defendant),

v.

S-16-0284

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
The Honorable Jeffrey A. Donnell, Judge

*Representing Appellant:*
> *Pro se.*

*Representing Appellee:*
> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Katherine A. Adams, Assistant Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]     Steven R. Barela challenges the district court's order denying two motions.  We dismiss this appeal because Mr. Barela's motions attempt to raise issues outside the jurisdiction of the district court and this Court.

## BACKGROUND

[¶2]     In 1994, Mr. Barela murdered his wife.  In 1995, he pled guilty to second-degree murder and the district court sentenced him to a term of twenty-eight years to life.  Mr. Barela did not appeal that sentence.  Later, Mr. Barela filed a motion for sentence reduction, which the district court denied.  This Court affirmed the district court's denial of the motion for sentence reduction.  *Barela v. State*, 936 P.2d 66 (Wyo. 1997) (*Barela I*).  In 1999, Mr. Barela filed a petition for post-conviction relief with this Court, which we denied.  In 2000, he filed a motion to withdraw his guilty plea, which the district court denied.  We affirmed the denial of Mr. Barela's request to withdraw his guilty plea. *Barela v. State*, 2002 WY 143, 55 P.3d 11 (Wyo. 2002) (*Barela II*).  In 2015, Mr. Barela filed a motion which requested a writ of habeas corpus, withdrawal of his guilty plea and correction or reduction of his sentence.  The district court denied those motions, and once again Mr. Barela appealed.  We determined that we had no jurisdiction to consider an appeal of the habeas corpus issue or of the untimely motions to withdraw guilty plea and to reduce sentence.  We considered Mr. Barela's claim that his sentence was illegal and affirmed the district court because the sentence was not illegal.  *Barela v. State*, 2016 WY 68, 375 P.3d 783 (Wyo. 2016) (*Barela III)*.

[¶3]     In August 2016, Mr. Barela filed two motions in his criminal case.  The first was titled "Motion for:  Copy of Records & Order to Perform Duty as prescribed by Law in Violation of and Pursuant to W.S. § 7-13-104 & Wyoming Criminal History Records Act 7-19-101 through 7-19-109 & Wyoming Public Records Act – W.S. §§ 16-4-201 through 16-4-205 & Freedom of Information Act."  In that motion he requested that the district court "order the Wyoming Department of Corrections to provide a true copy of all the defendant's records . . . at the State's expense . . . ."  Mr. Barela titled his second motion as "Motion for:  De Novo Review/Clarification of Sentence, Pursuant to W.S. § 7-13-201 & W.S. § 6-10-104 Maximum and Minimum Term of Sentence."  He requested an order "granting the Defendant the right to what the length of time that this Court expected the Defendant to serve on his sentence."  [sic]  The district court denied both motions, finding that "Mr. Barela has presented no substantive grounds for his motions and no cogent legal argument in support of his requests."  Mr. Barela appealed.

## DISCUSSION

### *Motion for Records*

[¶4]    Although the district court denied Mr. Barela's motion for failure to provide any "substantive grounds or cogent legal argument," we may affirm a district court's decision "on any proper legal grounds supported by the record." *Allgier v. State,* 2015 WY 137, ¶ 11, 358 P.3d 1271, 1275 (Wyo. 2015). At the outset, "every court has the duty to ensure the proper exercise of its jurisdiction." *Lee v. State,* 2007 WY 81, ¶ 5, 157 P.3d 947, 948 (Wyo. 2007). "Whether subject matter jurisdiction exists is a question of law that we review *de novo.*" *Kurtenbach v. State,* 2012 WY 162, ¶ 10, 290 P.3d 1101, 1104 (Wyo. 2012).

[¶5]    In his first motion, Mr. Barela asked the district court, within the confines of Mr. Barela's criminal case, to require the Wyoming Department of Corrections to produce records under the Wyoming Criminal History Records Act, Wyo. Stat. Ann. §§ 7-19-102 through 109 (LexisNexis 2015). The Wyoming Criminal History Records Act relates to "information, records and data compiled by criminal justice agencies on individuals for the purpose of identifying criminal offenders . . . ." Section 7-19-103(a)(ii). However, Mr. Barela did not indicate he was requesting any specific identifying criminal history records or information. Rather, he argued that he "is clearly within his rights under the law to ask for a complete and true copy of all of his institutional records . . . ." It may be that Mr. Barela's claim far exceeds the parameters of the Wyoming Criminal History Records Act. It is unnecessary to answer that question because it is clear that the district court, **within Mr. Barela's original criminal case**, had no jurisdiction to enforce the Wyoming Criminal History Records Act or any other public records act. Furthermore, Mr. Barela provides no cogent argument or pertinent authority demonstrating jurisdiction.

> Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Fuller v. State,* 568 P.2d 900, 902–03 (Wyo.1977). We have said:
>
> > "It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the

2

merits, a court should be satisfied that it does have the requisite jurisdiction."

*Messer v. State*, 2004 WY 98, ¶ 13, 96 P.3d 12, 17 (Wyo. 2004), quoting *United Mine Workers of America Local 1972 v. Decker Coal Co.,* 774 P.2d 1274, 1283-84 (Wyo. 1989).

[¶6]   In a criminal case, jurisdiction is determined by and limited to the allegations on the face of the charging document. *Id.*, ¶ 15, 96 P.3d at 17.  In Mr. Barela's case, the charging documents defined the issues as the criminal charges which Mr. Barela faced.  It is fundamental that jurisdiction in the criminal case was limited to those criminal charges and any related matters specifically authorized by statute or rule.  A district court has no jurisdiction within a criminal case to entertain a defendant's civil claims against a state agency.

[¶7]   The trial court's jurisdiction in a criminal case terminates with the entry of the judgment and sentence in the case, and the final disposition of any direct appeal.  *Lee,* ¶ 6, 157 P.3d at 949; *Nixon v. State*, 2002 WY 118, ¶ 9, 51 P.3d 851, 854 (Wyo. 2002).  In Mr. Barela's case, that occurred more than twenty years ago.  After this finality, a district court's authority in a criminal case is limited to compliance with remand instructions and situations where express statutory or rule statements confer jurisdiction.  *Kurtenbach,* ¶ 11, 290 P.3d at 1104.  Without a specific statute or court rule granting jurisdiction, the trial court has no power to act further. *Id*.

[¶8]   Mr. Barela does not point us to any statute or rule which indicates that the court in a criminal case has jurisdiction over a defendant's claims for records from the Department of Corrections at any point in time, either during the pendency of his criminal case or after it ends.  He presents no cogent argument or case law supporting the notion that the district court has jurisdiction, within a criminal case, to consider civil claims like this one.

[¶9]   Wyoming's Criminal History Records Act contains a limited right of inspection of criminal history records, but does not authorize a defendant to enforce that right in his original criminal case.  Mr. Barela's criminal conviction was final, and no statute or rule authorized the district court, within the criminal case, to consider Mr. Barela's civil claim for access to Department of Corrections records.  Consequently, the district court had no jurisdiction to consider the motion for a copy of Mr. Barela's records held by the Department. *Kurtenbach*, ¶ 13, 290 P.3d at 1104; *Lee*, ¶ 6, 157 P.3d at 949.  Because the district court lacked jurisdiction to consider Mr. Barela's records motion, this Court has no jurisdiction to consider this appeal. *See Neidlinger v. State,* 2010 WY 54, ¶ 10, 230 P.3d 306, 309 (Wyo. 2010) ("This Court enjoys no greater jurisdiction than the district court in such matters.").

*Motion for De Novo Review/Clarification of Sentence*

[¶10] Mr. Barela's motion for review of his sentence makes three requests of the district court:

1. He requests a "time line … on how much time the Defendant would have to serve."

2. He requests an order from the district court requiring that he receive parole.

3. He requests a "maximum possible term," apparently referring to a term of years rather than the 28 years to life sentence that he received.

The relief Mr. Barela requests is not provided for under any applicable rule or statute. There simply is no provision in Wyoming law for a district court to explain its sentencing thoughts about a timeline (if there was one), to require parole or to adjust a legal sentence more than one year after it was issued. Wyo. Rule of Criminal Procedure 35 provides for a reduction of a sentence "within one year after the sentence is imposed" and for correction of an illegal sentence at any time. Mr. Barela's motion is more than twenty years too late for a sentence reduction. We previously affirmed that Mr. Barela's sentence was legal. *Barela III,* 2016 WY 68, 375 P.3d 783. Because Mr. Barela's conviction is final, and because there is no rule or statute providing the relief he requests, the district court had no jurisdiction to consider Mr. Barela's motion for review or clarification of his sentence.

[¶11] This Court previously considered an appeal from the denial of a "Request for Clarification of Sentence" in *Lee*, ¶ 6, 157 P.3d at 949. We noted that the trial court's jurisdiction terminated with the entry of the judgment and sentence and the final disposition of Mr. Lee's direct appeal. *Id*. Mr. Lee had previously filed an unsuccessful motion claiming that his sentence was illegal. *Id*. Because the district court had no jurisdiction to consider Mr. Lee's "Request for Clarification of Sentence," this Court likewise had no jurisdiction to consider an appeal of that request. We reach the same conclusion here. The district court had no jurisdiction to consider Mr. Barela's request, and this Court has no jurisdiction to consider an appeal of that request.

[¶12] As with his motion for records, Mr. Barela provides no cogent argument or relevant authority demonstrating that the district court had jurisdiction to grant the relief he requested.

*Filing Restriction*

[¶13] This is the fifth time Mr. Barela has attempted to challenge his conviction and sentence before this Court. He has repeatedly sought relief beyond the jurisdiction of the district court, and has raised fanciful claims without presenting cogent argument or relevant authority in support. Mr. Barela has repeatedly claimed that his sentence was illegal and should be modified. The recent history of Mr. Barela's litigation in this criminal case reflects a pattern of chronic vexatious, baseless and frivolous filings. We conclude that Mr. Barela is likely to continue to file unreasonable and wasteful motions, demands and papers within his criminal case.

[¶14] This Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant. *See, e.g., Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 113 S. Ct. 397, 121 L. Ed. 2d 305 (1992); *In re Sindram,* 498 U.S. 177, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991); *In re McDonald,* 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989); *DeLoge v. Homar,* 2013 WY 33, ¶ 14, 297 P.3d 117, 121 (Wyo. 2013); *Cosco v. Lampert,* 2010 WY 52, ¶ 24, 229 P.3d 962, 974 (Wyo. 2010); *Amin v. State,* 2006 WY 84 ¶¶ 6,7, 138 P.3d 1143, 220 (Wyo. 2006).

> Although "[l]itigiousness alone will not support an injunction restricting filing activities," filing restrictions "are proper where a litigant's abusive and lengthy history is properly set forth," the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and the litigant receives "notice and an opportunity to oppose the court's order before it is instituted."

*McMurray v. McCelmoore,* 445 F. Appx. 43, 45 (10th Cir. 2011), quoting *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

[¶15] This Court finds that Mr. Barela should be barred from filing further pleadings in his original criminal case, whether before the district court or before this Court, without first obtaining permission from this Court. The Clerk of this Court and the clerk of district court are authorized to decline to file any papers submitted by Mr. Barela in his criminal case, and to decline to file any papers submitted by Mr. Barela that relate to his criminal case if filed as new claims, unless prior permission exists. We adopt the conditions required by the Tenth Circuit Court of Appeals for a litigant who is subject to filing restrictions to obtain permission for future filings. *See McMurray*, 445 F. Appx. at 46; *DePineda v. Hemphill,* 34 F.3d 946, 948 (10th Cir. 1994). To obtain such permission, Mr. Barela must provide this Court with the following:

> 1. A list of all appeals and all original proceedings filed, whether currently pending or previously filed with this Court or a district court in Wyoming, including the name, number, and citation of each case, and the

current status or disposition of each appeal or original proceeding; and

    2. An affidavit which recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the issue being raised or the order being challenged. The affidavit must also certify, to the best of Mr. Barela's knowledge, that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the appeal or original proceeding is not interposed for any improper purpose; and that he will comply with all applicable rules of court.

These filings shall be submitted to the Clerk of this Court, who shall forward them for review to the Chief Justice to determine whether Mr. Barela may proceed. Without such authorization, the clerks of the district court and the Clerk of the Supreme Court shall not file papers submitted by Mr. Barela. If the Chief Justice authorizes an original proceeding or appeal to proceed, an order shall be entered confirming that authorization.

[¶16] Mr. Barela shall have ten days from the date hereof to file written objections to these proposed filing restrictions, limited to ten pages. If objections are timely filed, these restrictions will not take effect unless the Court overrules them. If no objections are timely filed these restrictions will take effect fifteen days after the date hereof.

## CONCLUSION

[¶17] The district court had no jurisdiction to consider either of Mr. Barela's motions, and consequently this Court has no jurisdiction. This appeal is dismissed. This Court orders Mr. Barela to show cause why the filing restrictions stated above should not be imposed.