# IN THE SUPREME COURT, STATE OF WYOMING

# 2019 WY 116

**OCTOBER TERM, A.D. 2019**

**November 14, 2019**

IN THE INTEREST OF: BG, minor child,

RH,

Appellant
(Respondent),

v.

THE STATE OF WYOMING,

Appellee
(Petitioner).

S-19-0044

*Appeal from the District Court of Carbon County*
*The Honorable Wade E. Waldrip, Judge*

*Representing Appellant:*

   *Joshua J. Merseal and Charles F. Pelkey, Neubauer, Pelkey, Merseal & Goldfinger, LLP, Laramie, Wyoming.*

*Representing Appellee:*

   *Bridget L. Hill, Attorney General; Misha Westby, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Christina F. McCabe, Senior Assistant Attorney General.*

*Guardians ad Litem:*

   *Dan S. Wilde, Deputy State Public Defender, Wyoming Guardian ad Litem Program; Lisa K. Finkey,\* Finkey Law, LLC, Gillette, Wyoming.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\*An Order Allowing Withdrawal of Counsel was entered on November 13, 2019.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]  This case arises from an ongoing juvenile court action involving three minor children and their mother, RH (Mother).  Mother argues the juvenile court lost jurisdiction over one of her children, BG, when BG turned 18 years old.  The juvenile court held that it retained jurisdiction over BG under Wyo. Stat. Ann. § 14-3-431(b), which allows a juvenile court to retain jurisdiction over a child adjudicated neglected once they reach 18 years of age if certain requirements are met.  Because those requirements were not met, the juvenile court's jurisdiction over BG lapsed when she turned 18, and we must dismiss this case.

## *ISSUE*

[¶2]  We address one dispositive issue:[1]

> Did the juvenile court lose jurisdiction over BG when BG turned 18 years old?

## *FACTS*

[¶3]  In May 2016, the State initiated neglect proceedings against Mother in juvenile court, alleging that she had failed "to provide adequate care, maintenance and educational care" for her minor children, BG, DS, and AH.  BG was 15 years old at the time.

[¶4]  The juvenile court placed BG, DS, and AH in the custody of the Department of Family Services (Department) and adjudicated Mother neglectful.  After Mother's repeated failure to comply with her case plan, the juvenile court found that the Department was no longer required to make reasonable efforts to reunify the family and that termination of Mother's parental rights was "necessary and appropriate."  The Department began pursuing a "permanency plan of adoption/guardianship" for the three children.  While those efforts were ongoing, BG turned 18.  Without addressing this change in circumstance, the juvenile court continued to issue orders as though the Department retained custody over BG.

[¶5]  Several months after BG turned 18, the juvenile court held an emergency review hearing because it had "come to the [State's] attention that a hearing pursuant to Wyoming Statute § 14-3-431(b) [was] needed regarding [BG]."  Mother argued that, under Wyo. Stat. Ann. § 14-3-431(b), a "review hearing . . . should have happened" six months before BG's 18th birthday for the court to retain jurisdiction over her and, because that did not happen,

---

[1] We do not reach the State's assertion that Mother lacks standing to challenge the juvenile court's jurisdiction.  This Court "has inherent power to control proceedings before it and under its jurisdiction and can and will summarily raise and dispose of questions arising with respect to jurisdiction.  The supreme court has the duty to consider the integrity of an appeal addressed to jurisdictional defect[.]" *Hayes v. State*, 599 P.2d 569, 570 (Wyo. 1979).

1

the court's jurisdiction terminated when BG turned 18. The State and BG's guardian ad litem argued the juvenile court retained jurisdiction over BG because Wyo. Stat. Ann. § 14-3-431(b) allows jurisdiction over a child after her 18th birthday if "the court has ordered care or services to continue beyond that time" and "there [had] been numerous orders [] specifically ordering services and care" for BG after she turned 18. The juvenile court held that its jurisdiction over BG had not terminated because it had, "in fact, ordered care and/or services continuing for this young lady" and because there was "no alternative regarding the health and safety of this child." The court ordered that BG would remain in the Department's custody and that its jurisdiction would continue "until either an adult guardianship is in place or this child turns 21." [2] Mother appealed.

## DISCUSSION

### I. The juvenile court's jurisdiction over BG terminated when she reached 18 years of age because it did not fulfill the requirements of Wyo. Stat. Ann. § 14-3-431(b)

[¶6] "We review whether a court has jurisdiction over a case de novo." *In re L-MHB*, 2018 WY 140, ¶ 6, 431 P.3d 560, 564 (Wyo. 2018) (citing *Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 28, 427 P.3d 708, 716 (Wyo. 2018)). "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Barela v. State*, 2017 WY 66, ¶ 5, 395 P.3d 665, 668 (Wyo. 2017) (citing *Fuller v. State*, 568 P.2d 900, 902-03 (Wyo. 1977)). "A lack of subject matter jurisdiction constitutes a fundamental defect in the proceeding which cannot be cured by waiver or consent." *McCallister v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2019 WY 47, ¶ 10, 440 P.3d 1078, 1081 (Wyo. 2019); *In re L-MHB*, 2018 WY 140, ¶ 9, 431 P.3d at 564. "Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose." *Barela*, 2017 WY 66, ¶ 5, 395 P.3d at 668 (quoting *Messer v. State*, 2004 WY 98, ¶ 13, 96 P.3d 12, 17 (Wyo. 2004)).

[¶7] "Subject matter jurisdiction for juvenile courts originates in constitutional and statutory law." *In re MFB*, 860 P.2d 1140, 1146 (Wyo. 1993). The Wyoming Constitution authorizes the legislature to "provide for such juvenile delinquency and domestic relations courts as may be needed[.]" Wyo. Const. art. 5, § 29. Wyoming Statute 5-8-102 grants the juvenile court general jurisdiction over "[a]ny minor alleged to be neglected[.]" Wyo. Stat. Ann. § 5-8-102(a)(iii) (LexisNexis 2019). But,

---

[2] We take judicial notice of the fact that an adult guardianship is now in place for BG, to which Mother entered her consent. *In the Matter of the Guardianship of [BG]*, In the District Court for the Second Judicial District, No. 19-15, Order Appointing Guardian, October 9, 2019.

Juvenile courts are courts of limited jurisdiction. Article 5, section 29 of the Wyoming Constitution delegates authority to the legislature to provide for juvenile delinquency courts that "shall have such jurisdiction as the legislature may by law provide." Thus, juvenile courts are the creation of the legislature and have powers only as expressly conferred by the legislature.

*In re WJH*, 2001 WY 54, ¶ 30, 24 P.3d 1147, 1156 (Wyo. 2001) (citations omitted). "Once the jurisdiction of the juvenile court is invoked, then the matter proceeds as a continuing and dynamic situation." *In re MFB*, 860 P.2d at 1146 (quoting *In re N.M.*, 794 P.2d 564, 566 (Wyo. 1990) (Thomas, J., concurring)). Here, the juvenile court's jurisdiction was properly invoked—the State filed a petition while BG was a minor alleging that Mother had neglected her. However, "after being acquired, continuing subject matter jurisdiction require[s] adherence" to the procedural requirements of Wyo. Stat. Ann. § 14-3-431(b). *In re MFB*, 860 P.2d at 1147.

[¶8]    Section 14-3-431(b) states:

Unless sooner terminated by court order, all orders issued under this act shall terminate with respect to a child adjudicated neglected, when he reaches eighteen (18) years of age unless the court has ordered care or services to continue beyond that time. The court shall conduct a review hearing at least six (6) months before the child reaches eighteen (18) years of age to determine whether care or transitional services should continue and for what period of time prior to the individual reaching the age of twenty-one (21) years.

Wyo. Stat. Ann. § 14-3-431(b) (LexisNexis 2019). This section plainly states that, in general, all orders issued with respect to a child adjudicated neglected terminate when the child reaches 18 years of age. *Id.* Juvenile courts can maintain jurisdiction until the individual reaches age 21, but only if they follow the procedures outlined in Wyo. Stat. Ann. § 14-3-431(b). The procedure requires the juvenile court to conduct a review hearing to decide whether, and for how long, care or services should continue after the age of 18 "at least six (6) months before the child reaches eighteen (18) years of age[.]" *Id.* That did not occur here. Instead, the juvenile court made the required findings over three months *after* BG turned 18. Thus, we conclude the juvenile court's jurisdiction lapsed on BG's 18th birthday.

[¶9]    The State argues the juvenile court complied with Wyo. Stat. Ann. § 14-3-431(b) because it held multiple review hearings before BG turned 18 and ordered the Department to continue providing care and services to BG. By ordering the Department to maintain

custody of BG at these hearings, the State contends, the juvenile court impliedly determined "whether care or transitional services should continue."  However, the record demonstrates that the court did not address the question of whether services should continue until well after BG's 18th birthday.

[¶10]  In *In re MFB*, 860 P.2d at 1149, this Court held the juvenile court did not lose jurisdiction by failing to hold an adjudicatory hearing within the statutorily required timeframe because the statute at issue "imposed no sanction" for failure to abide by the requirement and "it would require an unequivocal expression from the legislature for a violation of the statute's language to result in a lack of subject matter jurisdiction."  In contrast, Wyo. Stat. Ann. § 14-3-431(b) contains an "unequivocal expression" that the juvenile court's orders with respect to a child adjudicated neglected terminate on the child's 18th birthday.  Here, the juvenile court's failure to address that procedural requirement deprived it of jurisdiction over BG.  Thus, the juvenile court's belated order that its jurisdiction would continue "until either an adult guardianship is in place or [BG] turns 21" was without effect.  Consequently, we dismiss this action and vacate the district court's order.

4